a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JOHNSON BERNARD,                    CIVIL ACTION NO. 1:18-CV-531-P
Plaintiff

VERSUS                              JUDGE DEE D. DRELL

ROY O. MARTIN PLYWOOD, ET           MAGISTRATE JUDGE PEREZ-MONTES
AL.,
Defendants

---

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se
Plaintiff Johnson Bernard ("Bernard") (#401767).   Bernard is an inmate in the
custody of the Louisiana Department of Corrections, housed at the Bossier Parish
Reentry Facility in Plain Dealing, Louisiana.  Bernard alleges that his constitutional
rights were violated when he was removed from his work release position.   Bernard
names as Defendants Connie Baker of Roy O. Martin Plywood Company, Justin
Aymond and Merry Davis of the Natchitoches Transitional Work Program ("NTWP"),
and Colonel Tolliver and Jesse Jimerson of the David Wade Correctional Center.

Bernard's complaint should be dismissed as frivolous and failing to state a
claim for which relief can be granted because he is not entitled to work release, cannot
state a defamation claim, cannot recover for stolen funds, and is barred by Heck v.
Humphrey, 512 U.S. 477 (1994).

I.      Background

Bernard alleges that he was written up and fired by Defendant Baker, the head
of human resources at Roy O. Martin Plywood.  (Doc. 1, p. 5).  Bernard alleges that

Defendant Baker and other employees of Roy O. Martin Plywood made fraudulent claims that Bernard was pretending to be sick to avoid work. (Doc. 1, p. 5). Defendant Baker informed Defendant Aymond, the assistant director of the NTWP, that Bernard was pretending to be sick because he was not happy with his assignment. Bernard alleges that he really was sick on the date in question. Nonetheless, Bernard was written up, fired from his job, and placed in the general population at the Natchitoches Parish Detention Center. (Doc. 1, p. 6).

Bernard claims that Defendant Merry Davis, assistant director at NTWP, stole money from his inmate account. (Doc. 1, pp. 6-7).

Bernard alleges that he was convicted of the disciplinary charge and sanctioned with the loss of 90 days of good time credits, as well as loss of eight weeks of commissary privileges. (Doc. 1, p. 7). Bernard alleges he was denied due process with respect to the disciplinary proceedings. (Doc. 1, p. 8).

II.   Law and Analysis

A.   Bernard's complaint is subject to screening under §§ 1915(e)(2)(b) and 1915A.

Bernard is a prisoner who has been permitted to proceed *in forma pauperis*. (Doc. 11). As a prisoner seeking redress from an officer or employee of a governmental entity, Bernard's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Bernard's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## B.    Bernard's complaint is barred by Heck v. Humphrey and Edwards v. Balisok.

Bernard seeks monetary damages for an allegedly unlawful disciplinary conviction. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. at 486–87; Edwards v. Balisok, 520 U.S. 641, 648 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (applying Heck holding to a disciplinary conviction).

An award of damages based on Bernard's claim that the disciplinary conviction was unlawful, or that Bernard was wrongfully terminated from his job, would call into the question the validity of the disciplinary conviction. Bernard's disciplinary

conviction has not been invalidated, reversed, or called into question by the issuance

of a writ of habeas corpus.  Therefore, Bernard's § 1983 claim is barred by Heck.

Claims barred by Heck are legally frivolous.  See Hamilton v. Lyons, 74 F.3d 99, 102-

03 (5th Cir. 1996).

### C.    Bernard has no constitutional right to a work release job.

Moreover, an inmate has no liberty or property interest in a work release

program.  See Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995) (prisoners

have no property interest in work release employment); Welch v. Thompson, 20 F.3d

636, 644 (5th Cir. 1994) (prisoners have no liberty interest in work release

employment).  Without a liberty or property interest protected by the Due Process

Clause, Bernard cannot show the violation of his constitutional rights.

### D.    Bernard cannot state a constitutional claim for the allegedly stolen funds.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any

State deprive any person of life, liberty, or property, without due process of law."  U.S.

Const. amend XIV.  However, the jurisprudence makes it clear that a prisoner's claim

for random deprivation of personal property is not cognizable under § 1983.

In Parratt v. Taylor, 451 U.S. 527, 544 (1981), a prisoner claimed that prison

officials negligently deprived him of his personal property without due process of law.

The Supreme Court held that the prisoner was "deprived" of his property within the

meaning of the Due Process Clause of the Fourteenth Amendment, but the Court

ruled that the State's post-deprivation tort remedy provided all the process that was

due.  Id. at 536-37.  In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court

extended that holding to intentional deprivations of property.  In <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986), the Supreme Court overruled <u>Parratt</u> in part, holding that merely negligent deprivations of property simply do not implicate constitutional protections at all.

Thus, there is simply no constitutional protection afforded to Bernard for the allegedly stolen money.  Louisiana law provides Bernard the opportunity to seek redress in state court, which is all the process Bernard is due.  <u>See</u> La. Civ. Code art. 2315.

### E.   Bernard fails to state a defamation claim.

The Supreme Court has held that, for purposes of § 1983, the infliction of a stigma on a plaintiff's reputation, by itself, does not violate a constitutional right. <u>Paul v. Davis</u>, 424 U.S. 693, 710-11 (1976).  Similarly, the Fifth Circuit has explained that "injury to reputation alone does not give rise to section 1983 liability." <u>Oliver v. Collins</u>, 904 F.2d 278, 281 (5th Cir.1990) (citation omitted); <u>Mowbray v. Cameron County, Tex.</u>, 274 F.3d 269, 277 (5th Cir. 2001) (slanderous allegations do not state a claim under § 1983).  Moreover, under 42 U.S.C. § 1997e(e), no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.  Here, Bernard has not alleged a physical injury.  Thus, Bernard cannot state a constitutional claim.

III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Bernard's § 1983 complaint be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A, and that Bernard's claim regarding the disciplinary conviction be dismissed with prejudice to being asserted again until such time as the Heck conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007).  ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__

day of June, 2018.

_____

Joseph H.L. Perez-Montes
United States Magistrate Judge